UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TORRE OTIS AVERY, | ) |
| | ) |
| Plaintiff, | ) Case No. |
| | ) Hon. |
| v. | ) |
| | ) |
| CHARLES WASHKO, MATTHEW | ) |
| FURMAN, CRYSTAL DOMINGUEZ, | ) |
| JESSICA WINWARD, OFC. HACHAM, | ) |
| SGT. RAHMAN, CPL HOLBROOK, DET. | ) |
| COOPER, in their individual capacities, and | ) |
| the CITY OF MELVINDALE, a Michigan | ) |
| municipal corporation, | ) |
| | ) |
| Defendants. | ) |

_____/

Joel B. Sklar (P38338)
LAW OFFICES OF JOEL B. SKLAR
Attorney for Plaintiff
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529 / 313-963-9310 (fax)
joel@joelbsklarlaw.com

_____/

## **COMPLAINT AND JURY DEMAND**

Torre Avery, by and through his counsel, Law Offices of Joel B. Sklar, files

this action against Defendants Charles Washko, Matthew Furman, Crystal

Dominguez, Jessica Winward, Ofc. Hacham, Sgt. Rahman, Cpl. Holbrook, Det.

Cooper (collectively referred to "the Melvindale Officers"), in their individual capacities, and the City of Melvindale and says:

1. Plaintiff Torre Otis Avery is a young Black man with a disability who resides in Wayne County, Michigan, which is located in this Judicial District.

2. Defendant Charles Washko resides and/or transacts business in Wayne County, Michigan which is located in this Judicial District.

3. Defendant Matthew Furman resides and/or transacts business in Wayne County, Michigan which is located in this Judicial District.

4. Defendant Crystal Dominguez resides and/or transacts business in Wayne County, Michigan which is located in this Judicial District.

5. Defendant Jessica Winward resides and/or transacts business in Wayne County, Michigan which is located in this Judicial District.

6. Defendant Ofc. Hackham resides and/or transacts business in Wayne County, Michigan which is located in this Judicial District.

7. Defendant Sgt. Rahman resides and/or transacts business in Wayne County, Michigan which is located in this Judicial District.

8. Defendant Det. Holbrook resides and/or transacts business in Wayne County, Michigan which is located in this Judicial District.

9. Defendant Sgt. Cooper resides and/or transacts business in Wayne County, Michigan which is located in this Judicial District.

2

10.     During all relevant periods, all individual defendants above were acting color of law as sworn officers of the City of Melvindale and are being sued in their individual capacities.

11.     Defendant the City of Melvindale is a Michigan municipal corporation which transacts business in Wayne County, Michigan which is in this Judicial District.

12.     Venue is proper in this Court pursuant to *42 U.S.C. §1391* as all of the acts, transactions and occurrences took place in Wayne County, Michigan which is located in this Judicial District.

13.     This Court has original subject matter jurisdiction over this case and controversy because it involves a federal question pursuant to *42 U.S.C.§1332*.

**COMMON ALLEGATIONS**

14.     Plaintiff incorporates each allegation above word for word.

15.     On October 4, 2023, Destinine Riley was driving a Ford Flex with her brother in the front passenger seat and three friends in the back.

16.     Plaintiff sat in the back directly behind the driver with Layla Coffel and Lanina Riley-Dasgupta.

17.     The group was on their way to a birthday party for a two-year-old at the Red Roof Inn where a reservation had been made.

3

18. At about 6:12 pm, Defendant Dominguez directed Defendant Washko to effectuate a traffic stop on the Ford Flex to obtain identifications from all occupants.

19. The Ford Flex turned into the driveway of 3535 Lenore where Washko ran the license plate and discovered that the vehicle was uninsured.

20. Washko turned on his overhead lights and stopped the vehicle at Oakwood & Prospect in the City of Melvindale.

21. Washko advised dispatch, Defendants Det. Dominguez and Cooper about the stop.

22. Washko approached Destinine Riley and asked for her license, registration and proof of insurance.

23. Destinine Riley produced her license and registration but was unable to produce any proof of insurance.

24. Washko ran Destinine Riley's information through the LEIN and discovered that she had no outstanding warrants or liens. None of the occupants did.

25. Defendants Winward and Dominguez arrived.

26. Washko opened the driver's side rear car door, grabbed Plaintiff's left arm and yanked him out of the car.

27. Defendants Winward and Dominguez assisted Washko and handcuffed Plaintiff who was defenseless.

4

28. Defendant Furman, who was off duty, joined in the gratuitous assault of Plaintiff, along with Defendants Hacham, Holbrook and Cooper.

29. Plaintiff's friends repeatedly told the Melvindale Officers that Plaintiff had a brain injury, was cognitively impaired, suffered from seizures and was unable to understand what was happening.

30. Despite knowledge of Plaintiff's cognitive disabilities and preexisting conditions made known to them, the Melvindale Officers escalated the level and intensity of violence.

31. Plaintiff's friends were frantic and in fear for Plaintiff's life.

32. Washko, Furman and others pushed and stuffed Plaintiff into the back of the scout car while Plaintiff screamed in pain.

33. Plaintiff was crying and complained of head and shoulder pain.

34. Plaintiff was transported to hospital, treated for his head and right shoulder injuries and discharged.

35. The Melvindale Officers issued Plaintiff a misdemeanor citation (23MD04404) which was dismissed.

36. The City of Melvindale and the Melvindale Officers knew about Furman's history of constitutional violations, false arrests and use of excessive force but permitted him to participate in the pummeling of Plaintiff.

37.     Defendants submitted a warrant request and recommendation two felony counts and one misdemeanor charge for disorderly conduct.

38.     On January 30, 2025, Plaintiff was acquitted of all charges and the case dismissed.

## COUNT I

**VIOLATION OF PLAINTIFFS CLEARLY ESTABLISHED *FOURTH AMENDENT* RIGHTS AGAINST THE USE OF EXCESSIVE FORCE AND MALICIOUS PROSECUTION PURSUANT TO *42 USC §1983***

39.     Plaintiff Torre Otis Avery realleges each paragraph above word for word.

40.     The *Fourth Amendment* requires that police have probable cause to seize a person and use only reasonable force when effectuating a seizure. *Amend. IV, U.S. Const.*

41.     The *Fourth Amendment* also imposes a duty on police to deescalate when dealing with someone who has a mental or cognitive disability, like Plaintiff.

42.     The Melvindale Officers did the opposite.

43.     Defendant Washko had no reasonable suspicion or probable cause to believe Plaintiff posed any danger or was engaged in any criminal activity when he violently yanked him out of the back seat of the Ford Flex and handcuffed him with the assistance of Winnard and Dominguez.

44.     The Melvindale Officers did the opposite.

6

45. The Melvindale Officer escalated further violated Plaintiff clearly established *Fourth Amendment* rights when they escalated the level of violence picked Plaintiff up off the ground, dragged him to the police car, and shoved him in the back seat of the squad car.

46. The Melvindale Defendants further violated Plaintiff's *Fourth Amendment* rights malicious prosecution because there was no probable cause to seize or charge Plaintiff with any offense, let alone two felonies and a misdemeanor which were all dismissed.

47. No reasonable person in the position of the Melvindale Officers would have used the amount of force used against Plaintiff or maliciously prosecute Plaintiff, knowing no probable cause existed for any arrest and prosecution.

48. As a direct and proximate result of Defendants Melvindale Officers' violation of Plaintiff's clearly established *Fourth Amendment* rights, Plaintiff suffered severe and permanent injuries including but not limited to, injuries to his head and brain, anxiety, fear, terror, embarrassment, humiliation, loss of the enjoyments and pleasures life, economic damages, and any other damages which will continue beyond this litigation.

**ACCORDINGLY,** Plaintiff asks this Court to enter a Judgment against Defendants Charles Washko, Matthew Furman, Crystal Dominguez, Jessica Winward, Ofc. Hacham, Sgt. Rahman, Cpl. Holbrook and Cooper in an amount in

7

excess of this Court's jurisdictional limit exclusive of costs, interest or fees, and all compensatory and punitive damages as allowed by law and good conscience under *42 USC §§ 1983, 1985* and *1988.*

## COUNT II

## CITY OF MELVINDALE LIABILITY UNDER MONELL

49.     Plaintiff reasserts each paragraph above word for word.

50.     At the time of the constitutional deprivations discussed above, Defendant City of Melvindale had an illegal policy or custom of violating the *Fourth Amendment's* prohibition against unlawful search and seizures, including seizing a person without reasonable suspicion or probable cause.

51.     At the time of the constitutional deprivations described above the City of Melvindale failed to train its deputies in the requirements for an investigative stop, the proper standard to seize a person, the appropriate use of force, and to properly supervise and discipline offers like Defendant Furman who had a long  history of violating the clearly established rights of persons just like Plaintiff Torre Otis Avery.

52.     At the time of the constitutional deprivations described above, the unconstitutional acts and omissions of the Defendant Melvindale Officers were ratified by an official with final decision-making authority) and a custom of acquiescence and tolerance to the City of Melvindale's long-standing practice of violating person's *Fourth Amendment* rights by wrongful stops and the use of

8

gratuitous force.

53. Defendant City of Melvindale has an unconstitutional policy and custom of failing to properly train, investigate and discipline officers who make unlawful stops, unlawfully prolong detentions, and use of excessive and gratuitous force when such force is constitutionally prohibited.

54. Defendant City of Melvindale's unlawful policy or custom was the moving force behind the constitutional violations committed by the Melvindale officers and caused Plaintiff severe and permanent injuries including but not limited to, injuries to his head and brain, anxiety, fear, terror, embarrassment, humiliation, loss of the enjoyments and pleasures life, and any other damages which will continue beyond this litigation.

**ACCORDINGLY,** Plaintiff asks this Court to enter a Judgment against Defendant City of Melvindale in an amount in excess of this Court's jurisdictional limit exclusive of costs, interest or fees, and all compensatory and punitive damages as allowed by law and good conscience under *42 USC §§ 1983, 1985* and *1988.*

<div style="margin-left:40%">

Respectfully submitted,

s/ Joel B. Sklar
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Joel@joelbsklarlaw.com

</div>

Date: July 20, 2026

9

## <u>JURY DEMAND</u>

Plaintiff Torre Avery hereby demands a jury trial in the above captioned matter.

Respectfully submitted,

s/ Joel B. Sklar
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff

Date:  July 20, 2026

Joel@joelbsklarlaw.com